UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT GUERRINA,

Petitioner,

v.

WILLIAM GITTERE, *et al.*,

Respondents.

Case No. 3:20-cv-00132-MMD-CLB

ORDER

*Pro Se* Petitioner Robert Guerrina, a Nevada prisoner, commenced this habeas action by filing a petition for writ of habeas corpus (ECF No. 1-1). This habeas matter is before the Court on consideration of Guerrina's application to proceed *in forma pauperis* ("IFP") (ECF No. 1), motion for appointment of counsel (ECF No. 1-2), and motion for documents (ECF No. 1-3). For the reasons discussed below, Guerrina's IFP application and motions are denied, Guerrina is instructed to pay the filing fee within 30 days, and the Court defers initial review under the Rules Governing Section 2254 Cases.

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize a person to begin an action without prepaying fees and costs if the person submits an IFP application on the approved form along with the appropriate supporting documentation. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. Here, although Guerrina submitted the required form, the supporting documents show he is able to pay the $5.00 filing fee. (*See* ECF No. 3.) Thus, Guerrina does not qualify for a fee waiver. The Court therefore denies his IFP application. Guerrina has 30 days from the date of this order to have the filing fee sent to the Clerk of Court.

Guerrina seeks the appointment of counsel to assist him in this habeas

proceedings. (*See* ECF No. 1-2.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). However, an indigent petitioner seeking relief under 28 U.S.C. § 2254 may request the appointment of counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The Court has discretion to appoint counsel when the interests of justice so require. 18 U.S.C. § 3006A(a)(2). The interests of justice so require "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). In the absence of such circumstances, a request for counsel in a § 2254 proceeding is addressed to the sound discretion of the district court. *Id.* (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962)). When a habeas petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

Guerrina argues that his lack of comprehension and abilities, the complexity of the issues, and the need for investigation and discovery justify the appointment of counsel. The Court has reviewed the documents and pleadings filed in this matter and finds that appointment of counsel is not warranted. The issues raised in Guerrina's petition are not particularly complex. Guerrina has demonstrated sufficient ability to write and articulate his claims and his purported lack of education has not significantly affected the quality of his petition. The Court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Guerrina has not shown that denial of counsel would violate due process. As such, the motion to appoint counsel is denied.

Turning to Guerrina's motion requesting documents from Respondents, the motion is premature. Guerrina seeks the State's interviews with witnesses, which he did not receive during his criminal case. (ECF No. 1-3 at 1.) At this early juncture, the Court cannot determine whether circumstances exist in this case that would justify a grant of discovery; however, the Court notes that review of a federal habeas petition pursuant to 28 U.S.C.

1 | § 2254(d) is generally limited to the record that was before the state courts. *Cullen v.*
2 | *Pinholster*, 563 U.S. 170, 181–82 (2011). The motion is denied.

It is therefore ordered that Petitioner Robert Guerrina's application to proceed *in forma pauperis* (ECF No. 1), motion for appointment of counsel (ECF No. 1-2), and motion for documents (ECF No. 1-3) are denied.

It is further ordered that the initial screening of Guerrina's petition for writ of habeas corpus (ECF No. 1-1) under the Rules Governing Section 2254 Cases is deferred to until such time as he has fully complied with this order.

It is further ordered that Guerrina must pay the $5.00 filing fee within 30 days of the date of this order.

It is further ordered that the Clerk of Court is instructed to mail Guerrina *two* copies of this order. Guerrina must make the necessary arrangements to have a copy of this order attached to the check for the filing fee.

Failure to timely comply with this order will result in the dismissal of this action without further advance notice.

DATED THIS 8th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE